## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **AJIA STERLING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action File No.** |
| | ) | **1:24-cv-04170-SEG-JSA** |
| **MIDLAND CREDIT** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Midland Credit Management, Inc. ("Midland") answers Plaintiff Ajia Sterling's Complaint (utilizing the headings of Plaintiff's Complaint for the sake of clarity, though not adopting them) as set out below:

## INTRODUCTION

1.     Midland admits this is an action by Plaintiff against Midland, who is misidentified as "Midland Credit Services LLC" in Paragraph 1, purporting to allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and seeking relief.  Midland admits the FDCPA prohibits debt collectors (as that term is defined in the FDCPA) from engaging in certain practices.  It is unclear what Plaintiff means by "abusive, deceptive, and unfair practices," as Plaintiff provides no definitions for those terms, and those terms are not defined in

the FDCPA. Accordingly, Midland is without sufficient information to admit or deny any allegation in Paragraph 1 relating to those terms. To the extent Paragraph 1 contains any remaining allegations against Midland or any other allegations not expressly admitted, those allegations are denied.

## JURISDICTION

2.      Midland admits this Court has jurisdiction over this case pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Midland admits venue is appropriate in this Court. To the extent Paragraph 2 contains any allegations against Midland or any other allegations not expressly admitted, those allegations are denied.

3.      It is unclear to what Paragraph 3 is referring, as Plaintiff does not allege any state law claims in the Complaint. Accordingly, Midland is without sufficient knowledge or information to admit or deny the allegations in Paragraph 3.

## PARTIES

4.      Midland admits Plaintiff is a natural person. Midland lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 4.

5.      Midland admits it maintains an office in California. Midland denies the remaining allegations in Paragraph 5.

6.      Midland admits the allegations in Paragraph 6.

7.     Midland admits that under certain circumstances in may attempt to collect debts originally owed to others from consumers, as that term is defined in the FDCPA.  Midland lacks sufficient knowledge or information to admit or deny whether those circumstances exist here.  Midland admits it uses mail and telephone in connection with servicing accounts owed to it.   Midland lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 7.

8.     Midland admits it occasionally acts through its owners, agents, and/or employees.  Midland lacks sufficient knowledge or information to admit or deny whether that has occurred here.  Accordingly, Midland lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8.

## FACTUAL ALLEGATIONS

9.     Paragraph 9 states a legal conclusion.  Midland admits that under certain circumstances it may meet the definition of "debt collector" as defined by the FDCPA.  Midland lacks sufficient information or knowledge to admit or deny whether those circumstances exist here.

10.     Midland lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10.

11.     Midland admits Plaintiff sent an email to an unmonitored email address stating "I refuse to pay this debt," on July 9, 2024.  Midland denies the remaining allegations in Paragraph 11.

12.     Denied as stated.

13.     Midland admits federal law imposes certain duties on those involved in the collection of debts.  Midland denies Paragraph 13 contains a complete and accurate statement of those duties.  To the extent Paragraph 13 contains any allegation against Midland, those allegations are denied.

14.     Midland admits federal law imposes certain duties on those involved in the collection of debts.  Midland denies Paragraph 14 contains a complete and accurate statement of those duties.  To the extent Paragraph 14 contains any allegation against Midland, those allegations are denied.

15.     Midland admits federal law imposes certain duties on those involved in the collection of debts.  Midland denies Paragraph 15 contains a complete and accurate statement of those duties.  To the extent Paragraph 15 contains any allegation against Midland, those allegations are denied.

16.     Midland denies the allegations in Paragraph 16.

17.     Midland denies the allegations in Paragraph 17.

18.     Midland denies the allegations in Paragraph 18.

19.    Midland admits Plaintiff is requesting damages for violations of the FDCPA.  Midland denies Plaintiff is entitled to such damages or any other relief.

20.    Midland denies the allegations in Paragraph 20.

21.    Midland denies the allegations in Paragraph 21.

22.    Midland denies the allegations in Paragraph 22.

23.    Midland denies the allegations in Paragraph 23.

## Count 1 Violation of the Fair Debt Collection Practices Act
## (Midland)

24.    Midland incorporates herein by reference its responses stated in the preceding paragraphs.

25.    Midland admits Paragraph 25 accurately quotes 15 U.S.C. § 1692c(c). To the extent Paragraph 25 contains any allegations against Midland, those allegations are denied.

26.    Midland denies the allegations in Paragraph 26.

27.    Midland denies the allegations in Paragraph 27.

28.    Midland denies the allegations in Paragraph 28.

29.    Midland denies the allegations in Paragraph 29.

## JURY DEMAND AND PRAYER FOR RELIEF

Midland admits Plaintiff purports to demand a jury trial and requests damages but denies Plaintiff is entitled to a jury trial and denies Plaintiff is entitled to any damages or other relief from Midland.  Midland denies all remaining allegations in

the paragraph beginning "Wherefore."  Unless expressly admitted in one of the foregoing paragraphs, all material allegations of Plaintiff's Complaint, including any contained in unnumbered paragraphs, are denied.  Midland further denies that Plaintiff is entitled to any of the relief request, or any relief whatsoever, from Midland, including in the paragraph beginning "Wherefore" and its subparts A through E.

## DEFENSES

At the time of the preparation of this Answer, Midland is unaware of all the facts and circumstances giving rise to the claims set forth in Plaintiff's Complaint. The following affirmative defenses are raised so as not to be waived as a matter of law.  These affirmative defenses will be relied upon to the extent the facts developed show that they apply.

1.     Plaintiff's complaint is due to be dismissed as it is not signed by Plaintiff in violation of Federal Rule of Civil Procedure 11(a).

2.     Plaintiff's email purporting to notify Midland that Plaintiff refused to pay the debt was sent to an email account Plaintiff knew or should have known was an unmonitored email account, and therefore his email did not constitute sufficient notice under 15 U.S.C. § 1692c(c).

3.    To the extent Plaintiff's claims are subject to binding, mandatory arbitration and/or a jury trial waiver, Midland does not waive and, in fact, expressly reserves, the right to compel arbitration or move to strike the jury demand.

4.    Any recovery is barred, or must be reduced, as a proximate result of Plaintiff's failure to mitigate any alleged damages.

5.    Midland pleads that any alleged violation of the FDCPA was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

6.    Midland reserves the right to assert additional affirmative defenses to the extent warranted by discovery and the factual developments in this case.

Respectfully submitted this 27th day of December, 2024.

*/s/Patrick N. Silloway*
Patrick N. Silloway
Georgia Bar No. 971966

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. NW
Atlanta, Georgia
Telephone: (404) 261-6020
psilloway@balch.com

*Attorney for Defendant Midland Credit Management, Inc.*

## <u>CERTIFICATE OF COUNSEL REGARDING FONT SIZE</u>

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(B)(3) and 7.1(D).

This 27th day of December, 2024.

*/s/Patrick N. Silloway*
Patrick N. Silloway
Georgia Bar No. 971966

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 27, 2024, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, and a copy of the foregoing has been

mailed to the Plaintiff via U.S. Mail at the address below:

Ajia Sterling
10 Executive Park West
Apt. 335
Atlanta, GA 30329
*Pro Se Plaintiff*


<u>*/s/Patrick N. Silloway*</u>
Patrick N. Silloway
Georgia Bar No. 971966