# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AJIA STERLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File No. |
| | ) 1:24-CV-04170-SEG-JSA |
| MIDLAND CREDIT MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## MIDLAND CREDIT MANAGEMENT, INC.'S PRELIMINARY REPORT AND DISCOVERY PLAN[1]

**1.   Description of Case:**

**(a)   Describe briefly the nature of this action.**

This is an action for damages for an alleged violation of the Fair Debt Collection Practices Act, specifically 15 U.S.C. § 1692c(c), which relates to communications to a consumer.

**(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff Ajia Sterling owes a debt to Defendant Midland Credit Management, Inc. ("Midland"). On July 9, 2024, Plaintiff sent an email stating "I refuse to pay

---

[1] As Plaintiff Ajia Sterling is proceeding *pro se*, Midland files this Preliminary Report and Discovery Plan for itself only. *See* N.D. Ga. L.R. 16.2.

this debt" to an unmonitored email account that Plaintiff knew or should have known was unmonitored. Midland sent Plaintiff an email after Plaintiff had sent his email to the unmonitored account.

**(c) The legal issues to be tried are as follows:**

Whether Midland violated the Fair Debt Collection Practices Act by sending an email to Plaintiff after Plaintiff sent his email stating "I refuse to pay this debt" to an unmonitored email account.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Cases:**

None.

**2.** This case is complex because it possesses one or more of the features listed below:

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_\_\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

Midland does not believe this case is complex.

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for Midland:

Midland:       Patrick Silloway of Balch & Bingham LLP

**4.    Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

_____ Yes         _X_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to this Action:**

(a) **The following persons are necessary parties who have not been joined:**

At this time, the Parties are not aware of any other necessary parties who have not been joined.

(b) **The following persons are improperly joined as parties:**

No persons have been improperly joined as parties.

(c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

Midland's name is inaccurately stated in the Complaint as "Midland Credit Management, LLC." The correct name is Midland Credit Management, Inc.

> **(d)** **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.   Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Federal Rule Civil Procedure 15. Further instructions regarding amendments are contained in Local Rule 15.

> **(a)** **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

Midland does not anticipate any amendments to its answer will be necessary.

> **(b)** **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.   Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)** *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)** *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)** *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** *Motions Objecting to Expert Testimony: Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures**

The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to FED. R. CIV. P. 26(a)(1)(B).

Midland agrees that initial disclosures are appropriate in this case and will submit them within the deadline established by the Court.

**9. Request for Scheduling Conference**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Midland does not request a scheduling conference with the Court.

**10. Discovery Period**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Midland will need discovery concerning liability and damages issues, including the alleged communications between Plaintiff and Midland.

5

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Midland does not anticipate additional time will be required.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

    **(a)** **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

Midland does not request any limitations at this time.

    **(b)** **Is any party seeking discovery of electronically stored information?**

    __X__ Yes      ____ No

If "yes,"

    (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

    At this time, Midland anticipates that electronically stored information ("ESI") will be at issue in discovery, primarily emails. The Parties have not yet discussed the scope of the ESI they will seek (beyond the general discovery topics identified above), but Midland will reach out to Plaintiff to do so in the course of discovery as necessary. In principle, Midland would agree that ESI should be produced in the most efficient and cost-effective manner possible, taking into account the complexity of the case and the needs of the Parties to have the most complete and accurate information reasonably accessible.

    (2) The parties have not discussed the format for the production of

6

> electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata.
>
> Midland will agree to the format of the production of ESI during the course of discovery. Midland would agree that ESI should be produced in the most efficient and cost-effective manner possible, taking into account the complexity of the case and the needs of the Parties to have the most complete and accurate information possible. Midland remains open to the production of ESI in the form of searchable PDFs, TIFF images, or native files, and will more narrowly agree on the format of any ESI production during the course of discovery as necessary. All ESI may be produced via email, download link, external hard drive or other external physical data storage device, or any other reasonable electronic means of delivery. Midland would agree to provide reasonable notice of the need for an additional production method, and Midland reserves the right to assert and rely on all relevant objections to requests for additional production methods.

**12. Other Orders**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

At this time, Midland does not intend to seek any orders under those Rules, however, Midland may request the Court enter such orders in the future.

**13. Settlement Potential**

> **(a)  A Rule 26(f) conference has not been held in this matter. Plaintiff, who is acting *pro se*, has not approached counsel for Midland to schedule such a conference.**
>
> **(b)  Midland has engaged in settlement discussions with Plaintiff, and it appears that there is now:**
>
>> (_X__)   A possibility of settlement before discovery
>> (_X__)   A possibility of settlement after discovery

7

        (____)      A possibility of settlement, but a conference with the judge is needed.

        (____)      No possibility of settlement.

(c)     Midland (____) does or (__X___) does not intend to hold additional settlement conferences with Plaintiff prior to the close of discovery.

(d)     The following specific problems have created a hindrance to settlement of this case:

None.

14.     Trial by Magistrate Judge

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     Midland (_____) does consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, 2020.

(b)     Midland (__X__) does not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 27th day of January, 2025.

[*Signature on Following Page*]

*/s/ Patrick Silloway*
Patrick Silloway
Georgia Bar No. 971966
Email: psilloway@balch.com

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Boulevard, N.W.
Suite 700
Atlanta, GA 30308
Telephone:   (404) 261-6020
Facsimile:   (404) 261-3656

*Attorney for Defendant MIDLAND CREDIT MANAGEMENT, INC.*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **AJIA STERLING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **Civil Action File No.** |
| **MIDLAND CREDIT** | ) **1:24-CV-04170-SEG-JSA** |
| **MANAGEMENT, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Plan form completed and filed by Midland, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
Justin S. Anand
United States Magistrate Judge

## **CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(B)(3) and 7.1(D).

This 27th day of January, 2025.

>                          */s/ Patrick Silloway*
>                          Patrick Silloway
>                          Georgia Bar No. 971966

## **CERTIFICATE OF SERVICE**

I certify that on January 27, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record, and a copy of the foregoing has been sent via U.S. Mail, addressed as follows:

Ajia Sterling
10 Executive Park West
Apt. 335
Atlanta, GA 30329
*Pro Se Plaintiff*

                                                 */s/ Patrick Silloway*
                                                 Patrick Silloway
                                                 Georgia Bar No. 971966